## W. M. MITCHELL v. J. H. HARRISON.

1—The care of the minor children of an intestate forms no part of an administrator's duties, except that he is bound to abstain from meddling with the property required to be set apart for the family of the deceased.

2—An administrator, in the settlement of his administration, claimed allowance for the support of minor children of his intestate. It was not pretended that the administrator was also guardian of the children, or that he had set aside any property for their support. *Held*, that the claim was properly disallowed.

3—An appeal, and not a *certiorari*, is the proper mode in which an administrator could obtain the revision by the District Court of the orders of the Probate Court in the settlement of his account.

4—An administrator, in his petition for *certiorari* to remove proceedings of the Probate Court to the District Court for revision, sought to make the guardian of his intestate's minor children a party, although he was no party in the Probate Court, and no cause was shown, or is it apparent, why he should be made a party. *Held*, that the petition was clearly exceptionable, and there was no error in its dismissal by the District Court, on motion.

APPEAL from Cooke. Tried below before the Hon. Hardin Hart.

There appears to be no occasion to detail the facts more particularly than they are indicated in the opinion.

The case came to this court by appeal from the judgment of the District Court, dismissing a *certiorari* taken by Mitchell to proceedings in the Probate Court on the settlement of the estate of J. M. Miller, deceased, of which Mitchell was administrator. The Probate Court had disallowed his claim for the support and maintenance of two minors, the only heirs of the intestate.

The petition for *certiorari* prayed that J. H. Harrison, guardian of the minors, be cited as a party.

*J. M. Lindsay* and *W. M. Walton*, for the appellant.

*Hancock & West*, for the appellee.

MORRILL, C. J.—As the duties, powers and liabilities of administrators of the estates of deceased persons are fully and clearly designated by the statutes, a resort to the statutes without any other or further labor, is all that is required in deciding the case now before us. The collection and preservation of the property, the payment of the debts of the deceased, and the rendition of the property to those entitled to receive it, are the prominent duties. The case of the minor children forms no part of an administrator's duties, except so far as to see that the property required to be set aside for the family of the deceased is not taken into the possession of the administrator adversely to those entitled to receive it.

In this case the administrator, in the settlement of his administration, set up a claim against the estate as guardian of the children of the intestate, without pretending to have been a guardian. And as it is not pretended that the administrator did what the Chief Justice was required to do by Art. 1305, Pasch. Dig., viz: set aside to the children certain property of the estate for their support, we see no error in the court in dismissing the petition.

As the case appears by the petition, there was nothing before the court to give it any jurisdiction. If the Chief Justice of the County Court erred in auditing and settling the administrator's account as provided in Art. 1350, Pasch. Dig., the administrator had the right of appeal to the District Court, agreeably to Art. 1384, and in that case a transcript of the proceedings in the case would have been transmitted to the District Court, when and where the court could have been enabled to have come to a correct conclusion and judgment, as provided in Art. 1385.

Whether the administrator, after neglecting and failing to take the statutory remedy of appeal, can resort to the extraordinary remedy in this case without showing any reason for not complying with the remedy furnished by the statute, might be very questionable. But what renders the petition clearly exceptionable is the fact, that the plaintiff seeks to make the

guardian a party in the appellate court, when he was no such party in the County Court, and there is no such cause shown, or is it apparent why he should be a party.

As we see no error in the judgment of the court, it is affirmed.

Affirmed.